IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KATHY M. HILL,

                Plaintiff,

     v.                                         Civil Action No.
                                                 5:16-CV-0677 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

<u>APPEARANCES:</u>                        <u>OF COUNSEL:</u>

<u>FOR PLAINTIFF</u>

DOLSON LAW OFFICE            STEVEN R. DOLSON, ESQ.
126 N. Salina Street
Suite 3B
Syracuse, NY 13202

<u>FOR DEFENDANT</u>

HON. RICHARD S. HARTUNIAN    CATHARINE ZURBRUGG, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on March 9, 2017, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 31, 2017
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
KATHY HILL,

                         Plaintiff,

vs.                              5:16-CV-677

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on March 9, 2017, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | STEVEN R. DOLSEN, ESQ.<br>Attorney at Law<br>126 N. Salina Street<br>Suite 3B<br>Syracuse, New York  13202 |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza, Room 3904<br>New York, New York  10278<br>  BY:  CATHARINE L. ZURBRUGG, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1        (In Chambers, Counsel present by telephone.)

2        THE COURT: All right. Thank you, I'll have to let
3   that be the last word.

4        I have before me a request for judicial review of
5   an adverse determination by the Acting Commissioner
6   concluding that the plaintiff was not disabled at the
7   relevant times and therefore ineligible for the benefits
8   sought. The request is pursuant to 42 United States Code
9   Section 405(g).

10       The background is as follows: The plaintiff was
11  born in June of 1962 and is currently 50 -- approaching 55
12  years old, she was 48 years old at the onset of her
13  disability and 50 at the time of the first hearing. She is
14  5 foot 5 inches tall, weighs 160 pounds, and right-hand
15  dominant. She lives with a boyfriend in Lafayette, New York.
16  She has a high school diploma and one year of --
17  approximately one year of college education. She drives and
18  has a CDL license.

19       She last worked in December of 2010. She left her
20  position, she claims, due to anxiety and depression and a hip
21  issue. She worked for Niagara Mohawk Power Company from 1986
22  to December 2010 in various positions, initially as a
23  stenographer and a clerk/typist, then a gas meter technician,
24  and lastly in a warehouse in a truck driving situation, from
25  2005 to 2010.

She contends that she is unable to work due to hip and groin pain, numbness, and tingling in her arms and hands, neck pain, knee pain, lower back pain, and headaches. She also suffers from asthma or history of asthma, although it seems to have resolved after she left the warehouse setting, and carpal tunnel syndrome bilaterally.

The plaintiff underwent MRI testing in June of 2010 and was found that she suffered from mild to moderate degenerative disk degeneration in C5-C6 level with some spurring. An MRI was again administered in April of 2013, which showed degenerative changes and stenosis with foraminal narrowing at the C5-C6 level. An EMG study was performed on March 27, 2013. It demonstrated bilateral radiculopathy at C6 and C7. An MRI of the hip showed a mild labral tear which has been addressed through nerve blocks. An MRI of the lumbar spine was conducted, it's not clear when but it's reported in a doctor's note of November 27, 2012, showing a disk bulge at L4 and L5 that's also been addressed with nerve blocks.

The plaintiff has a fairly wide range of daily activities. She reports attending sporting events, watching television, cleaning, walking on a treadmill, some cooking, laundry, shopping two to three times a week, she can attend to her personal hygiene, she can use the computer, she cares for her two-and-a-half-year-old grandson, she has no hobbies

1   but she does read and socialize with friends.  She, in
2   October of 2011 she indicated she planned to attend school
3   full time, that's at page 638, at the time she was attending
4   part time.
5           Procedurally, plaintiff applied for Title II
6   disability benefits on July 19, 2011, alleging an onset date
7   of December 6, 2010.  A hearing was conducted by
8   Administrative Law Judge Marie Greener on December 4, 2012.
9   On February 5, 2013, ALJ Greener issued a decision finding
10  that the plaintiff was not disabled at the relevant times.
11  The Social Security Appeals Council remanded the matter on
12  May 13, 2014.  A subsequent hearing was conducted on
13  September 4, 2014.  ALJ Greener issued a second decision on
14  November 5, 2014, and that became a final determination of
15  the agency on May 23, 2016 when the Appeals Council denied
16  plaintiff's request for review.
17          In her decision, the second decision I should say,
18  ALJ Greener applied the well-known and noncontroversial
19  five-step test for determining disability.
20          At step 1 she found that the plaintiff had not
21  engaged in substantial gainful activity since the alleged
22  onset date.
23          At step 2, she found that the plaintiff does suffer
24  from severe impairments including lumbar spine disk bulge,
25  cervical spine herniated nucleus pulposus with radiculopathy,

13

1    chronic right hip tendinitis, and asthma.
2            At step 3 she concluded, however, that none of the
3    conditions found at step 2 met or medically equaled any of
4    the listed presumptively disabling conditions set forth in
5    the Commissioner's regulations.
6            At the next step, before going to step 4, the ALJ
7    surveyed medical evidence and concluded that plaintiff
8    retains the residual functional capacity, or RFC, to perform
9    a full range of sedentary work, that she, although she refers
10   to her as a he, can lift and carry up to 10 pounds
11   occasionally, less than 10 pounds frequently, sit for a total
12   of six hours in an eight-hour workday, and stand/walk for 15
13   minutes at one time, and a total of two hours in an
14   eight-hour workday.  She needs to alternate between sitting
15   and standing, with sitting limited to 60 minutes at one time
16   after which she needs to stand for five minutes; however, she
17   does not have to leave her work area or station during the
18   change in position.  Additionally, the claimant requires an
19   indoor environment with good air quality such as in an office
20   or retail establishment.
21           At step 4, with the benefit of the vocational
22   expert who testified at the second hearing, the ALJ concluded
23   that plaintiff cannot perform her past relevant work in any
24   of the positions that she held.
25           At step 5, again, in reliance upon testimony from

1  the vocational expert and a hypothetical that was posed that
2  approximated closely the RFC finding, ALJ Greener concluded
3  that plaintiff can perform available work in the national
4  economy including as a benefits clerk, an order clerk, and a
5  credit card control clerk, and therefore is not disabled.
6  　　　　　As you know, my task is very limited and very
7  deferential.  I must determine whether correct legal
8  principles were applied and substantial evidence supports the
9  determination.
10 　　　　　I have some difficulties with the determination.
11 Obviously the medical source statements from the two treating
12 physicians, Dr. Sneider and Dr. Masten, are inconsistent with
13 the RFC in a couple of ways, predominantly with respect to
14 the sitting limitation, and also reaching, as counsel has
15 argued.  Obviously those individuals' opinions are entitled
16 to controlling weight, unless they -- as long as they are
17 supported by medically acceptable clinical and laboratory
18 diagnostic techniques and are not inconsistent with other
19 substantial evidence.  Conversely, they're not controlling if
20 they're contrary to other substantial evidence in the record,
21 including the opinions of other medical experts.
22 　　　　　The sitting and reaching portions of those opinions
23 were rejected.  I don't find that they are contrary to
24 substantial evidence in the record, and I don't find that the
25 reasoning stated by the administrative law judge comports

1    with the Second Circuit's decision in *Greek v. Colvin*
2    reported at 802 F.3d 370, and here are my specific problems.
3              First of all, Administrative Law Judge Greener
4    misstates the date of Dr. Sneider's first opinion.  She
5    claims it was in November 2011; it's very clearly November of
6    2012, that the signature page clearly indicates that.  I'm
7    looking for the precise -- that's at page 628, the opinion
8    was signed November 20, 2012.  And in rejecting that opinion,
9    ALJ Greener relies on some very dated statements and
10   treatment notes, including a note from Dr. Scuderi that is
11   dated May 4, 2011 which is a year and a half prior, saying
12   that the claimant is very active with running, weight
13   lifting, and martial arts.  I've reviewed the medical
14   evidence and it shows deterioration and there is reference in
15   there that she's no longer able to work out like she
16   originally was.
17             Similarly, in rejecting Dr. Sneider's November 2012
18   report, the ALJ relies on a February 18, 2011 note where
19   Dr. Sneider found that the claimant moved well with a
20   straight spine and negative straight leg raising.  Again,
21   that's a year and a half prior to the date of the opinion.
22             The rejection of Dr. Masten whose opinion from
23   November 2012 is also inconsistent with the RFC finding in
24   the areas of sitting and reaching is not well explained and
25   not supported by substantial evidence.

1          And so in my view, this matter should be remanded
2   without a directed finding of disability so that a more clear
3   rationale can be given for why the opinions of Dr. Masten and
4   Dr. Sneider, which are internally basically consistent,
5   should be rejected.
6          I was not impressed, I did review Dr. Rabelo's
7   statement, I don't think that that provides substantial
8   evidence to the contrary, particularly -- and also the
9   consultative exam of Dr. Manyam which was not particularly
10  persuasive, and also occurred in November 2011, a year before
11  Dr. Sneider's opinion.
12         And so I will grant judgment on the pleadings to
13  the plaintiff without a directed finding of disability, and
14  hope you both have a good day.  Thank you.
15         MR. DOLSEN:  Thank you, Judge.
16         MS. ZURBRUGG:  Thank you, your Honor.
17              (Proceedings Adjourned, 10:32 a.m.)

1       CERTIFICATE OF OFFICIAL REPORTER

2

3

4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5  Official Realtime Court Reporter, in and for the

6  United States District Court for the Northern

7  District of New York, DO HEREBY CERTIFY that

8  pursuant to Section 753, Title 28, United States

9  Code, that the foregoing is a true and correct

10 transcript of the stenographically reported

11 proceedings held in the above-entitled matter and

12 that the transcript page format is in conformance

13 with the regulations of the Judicial Conference of

14 the United States.

15

16                  Dated this 9th day of March, 2017.

17

18

19                            /S/ JODI L. HIBBARD

20                            JODI L. HIBBARD, RPR, CRR, CSR
                              Official U.S. Court Reporter
21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547